**FILED**

NOV 2 5 2014

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: W.A.R. LLP | Case No. 12-mc-306 (RCL) |
| **Bankruptcy Debtor** | |

## <u>MEMORANDUM OPINION</u>

Appellants to this matter, Wade Robertson ("Robertson") and W.A.R. LLP ("W.A.R."),
seek de novo review of a Bankruptcy Petition, Bankr. Case No. 11-044.  This case is one of
several matters filed by Robertson and W.A.R., objecting to, appealing, or seeking review of the
underlying bankruptcy decision.  The Court has previously ordered appellants to show cause why
they should not be enjoined from further filings in the instant case, further appeals from the
underlying bankruptcy case, and from filing new related matters in this Court.  For the reasons
discussed below, appellants are enjoined from further filings in the instant case and related Case
No. 11-1574, except for a Notice of Appeal to the Court of Appeals for the District of Columbia
Circuit regarding the Court's Order in this matter.  Appellants are also enjoined from filing
further appeals from the underlying bankruptcy case, Bankr. Case No. 11-044, and from filing
new related matters in this Court.

## I.   BACKGROUND

The instant bankruptcy case and request for de novo review is an offshoot of previous
litigation in this Court between the founding partners of the debtor partnership W.A.R.,
Robertson and William Cartinhour ("Cartinhour").  *Robertson v. Cartinhour*, Case No. 09-1642.
Judge Ellen Huvelle entered judgment in that litigation on February 25, 2011.  Judgment, ECF
No. 165.  Robertson initiated that litigation in April 2009, filing a complaint against Cartinhour

seeking a declaratory judgment regarding an agreement to "hold harmless" for any claims Cartinhour might have related to the partnership. Complaint, ECF No. 1. Cartinhour countersued, alleging that Robertson had fraudulently induced him to invest in the partnership. Counterclaim, ECF No. 2. A jury trial took place in February 2011. The jury awarded Cartinhour $3.5 million in compensatory damages for his countersuit and $3.5 million in punitive damages for Robertson's breach of fiduciary duty and legal malpractice. Judgment, ECF No. 165.

In November 2010, Robertson filed a similar suit in the Southern District of New York, *Robertson v. Cartinhour*, Civil No. 10-8442, addressing the same factual dispute as the case before Judge Huvelle.[1] The new suit caused Cartinhour to file a motion for an anti-filing injunction in the pending declaratory judgment case. Emergency Motion for Permanent Injunction, No. 09-1642, ECF No. 128. Judge Huvelle denied the motion on December 30, 2010, but noted that Robertson had engaged in a variety of frivolous filings. Order, ECF No. 147. The New York case, after transfer to this Court, was later dismissed on the basis of res judicata, judicial estoppel, and failure to state a claim. Mem. Op., Case No. 11-1919, ECF No. 95.

Additionally, while the declaratory judgment case was ongoing, an outside W.A.R. creditor filed an involuntary Chapter 7 bankruptcy petition in the Western District of Tennessee against W.A.R. Bankruptcy Petition No. 10-32530. This bankruptcy petition is the foundation for the suit subject to the instant petition for de novo review. After determining that the D.C.

---

[1]     This case was later transferred to the D.C. District Court, Case No. 11-1919. Robertson appears to have also filed another case with similar factual background in the Superior Court of California, Santa Clara County, Case No. 113-cv-256559, seeking damages against Cartinhour in the amount of $3.8 million. Opp'n to Mot. to Enlarge Time to File Bankruptcy Appeal Briefs, Ex. A., Case No. 12-cv-1794, ECF No. 23.

District declaratory judgment case was not subject to the automatic bankruptcy stay, [2] the

Tennessee court transferred the bankruptcy case to this Court on January 4, 2011.  Order

Transferring Bankruptcy Case Re: W.A.R. LLP, Bankr. No. 11-044, ECF No.1.  Robertson

appealed the transfer order to the District Court for the Western District of Tennessee, and his

appeal was denied on April 18, 2011.  *In re W.A.R. LLP*, W.D. Tenn. Case No. 11-cv-2082.

The bankruptcy trustee conducted a creditors' meeting in Washington, D.C. on March 24,

2011 and filed a "no distribution" report on March 30, 2011.  W.A.R. and Robertson both filed

objections to that report, and Cartinhour opposed their objections.  Judge Teel issued a

preliminary order and memorandum, Bankr. No. 11-044, ECF No. 171, on June 23, 2011.[3]  The

final order and memorandum, entered on July 11, 2011, overruled the objections to the trustee's

report of no distribution, ECF No. 209 and 210, and through separate order, closed the

bankruptcy case and discharged the trustee, ECF No. 213.  W.A.R. and Robertson appealed these

orders to the D.C. District Court on August 30, 2011 in Case No. 11-1574.

In their first appeal to the Court, W.A.R. and Robertson argued that W.A.R. had an

interest in the funds held in the Court's registry in the declaratory judgment case before Judge

Huvelle.  Brief of Joint-Appellants, Case No. 11-1574, ECF No. 12.  This Court affirmed the

ruling of the Bankruptcy Court on January 27, 2012.  Mem. Op., ECF No. 22.  Cartinhour then

filed a motion for sanctions on February 3, 2012.  Mot. for Sanctions, ECF No. 23.  The Court

granted Cartinhour's motion for sanctions, ECF No. 23, against Robertson and his lawyer Ty

Clevenger ("Clevenger") for filing a frivolous appeal on April 2, 2012.  Order, ECF No. 33.

---

[2]      On November 19, 2010, Judge Huvelle ruled that the declaratory judgment case would go forward despite
the automatic bankruptcy stay because it did not involve the debtor in the Bankruptcy case, W.A.R. Nov. 19, 2010
Transcript, No. 09-1642, ECF No. 182.  The Tennessee Bankruptcy Court entered a similar order on November 23,
2010, denying the debtor's motion to stay because the dispute between Robertson and Cartinhour did not implicate
partnership property.
[3]      The Order was amended later that same day.  Order, ECF No. 172.

Robertson and W.A.R. filed an appeal to the Court of Appeals for the District of Columbia Circuit on the order for sanctions and pending show cause orders in the instant case on August 24, 2012. *In re W.A.R. LLP*, USCA Case No. 12-7084.

On the same day that it overruled the objections to the trustee's report, July 11, 2011, the Bankruptcy Court entered an order directing Robertson and Clevenger to show cause why the court should not impose sanctions against them for pressing the frivolous argument that the bulk of the funds in the registry of the District Court were property of W.A.R.'s estate. Bankr. No. 11-044, ECF No. 212. The Bankruptcy Court imposed a monetary sanction of $10,000[4] each against Robertson and Clevenger, on behalf of W.A.R., on May 3, 2012. Order, ECF No. 277. Robertson and Clevenger sought de novo review of the sanction order in the present case on May 31, 2012.[5] Request for De Novo Review, ECF No. 1.

The Court filed the original show cause order in this case and dismissed objections to the Bankruptcy Court's May 4, 2012 Memorandum and Orders on June 26, 2012. Show Cause Order, ECF No. 7. The Court vacated the original show cause order and entered a Second Order to Show Cause on July 25, 2012. Second Order to Show Cause, ECF No. 11. Robertson filed his response to the order to show cause on August 8, 2012. Resp. to Order to Show Cause, ECF No. 12. W.A.R. filed its response to the show cause order on the same day. Resp. to Order of the Court, ECF No. 13. Robertson filed an appeal on the Court's second show cause order to the Court of Appeals for the District of Columbia Circuit on August 24, 2012. USCA Case No. 12-

---

[4]     This sanction was reduced to $5,000 each for Robertson and Clevenger on September 26, 2012. Order, Bankr. No. 11-044, ECF No. 369.

[5]     Clevenger and Robertson have also filed separate appeals to the Bankruptcy Court's final orders, USCA Case Nos. 12-1794 and 12-1796. Both appeals were stayed while the Court of Appeals for the District of Columbia Circuit reviewed appellants' appeals to this instant case and Case No. 11-1574. The Circuit entered judgment affirming the Court's rulings in consolidated cases 12-7083 and 12-7084 on November 6, 2012. Robertson filed a voluntary Motion to Dismiss Bankruptcy Appeal on November 13, 2014. Case No. 12-1794, ECF No. 26. An Order of Dismissal was entered on November 25, 2014. Order, ECF No. 29. Clevenger filed an Amended Brief for the Appellant on November 13, 2014, and his appeal remains pending. Case No. 12-1796, ECF No. 12.

7083. The Circuit entered judgment affirming this Court's rulings in Case Nos. 11-1574 and 12-306 on November 6, 2014. *In re W.A.R. LLP*, USCA Case Nos. 12-7083 and 12-7084.

## II.    LEGAL STANDARD

Repeated frivolous and meritless filings will not be tolerated by this Court. "It is now well established that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985); *Kaempfer v. Brown*, 872 F.2d 496, *2 (D.C. Cir. 1989). Any such restrictions must be narrowly tailored to protect that interest "without unduly impair[ing] a litigant's right of access to the courts." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). The constitutional right of access to the courts, however, is neither "absolute nor unconditional." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49 (D.D.C. 2013) (citing *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)).

Three steps are required before the Court may issue a filing injunction. *Powell*, 851 F.2d at 431; *Caldwell*, 6 F. Supp. 3d at 50. First, because a filing injunction concerns a potential denial of due process rights, the Court must provide sufficient notice and the opportunity to be heard. *Caldwell*, 6 F. Supp. 3d at 50 (citing *Powell*, 851 F.2d at 431; *Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 15 (D.D.C. 2012)). Second, the Court must develop a record for review "to further ensure that the filer's due process rights are not violated." *Id.* (citing *Powell*, 851 F.2d at 431; *Kaempfer*, 872 F.2d at *3; *Rodriguez*, 844 F. Supp. 2d at 15). "[M]ere litigiousness does not support the issuance of an injunction." *Powell*, 851 F.2d at 434. The Court must consider "both the number and content of the filings" when considering an injunction of this nature. *Id.*; *Caldwell*, 6 F. Supp. 3d at 50. Finally, the Court must "make substantive findings as to the

frivolous or harassing nature of the litigant's actions." *Powell*, 851 F.2d at 431; *Caldwell*, 6 F.

Supp. 3d at 50; *Colbert v. Cincinnati Police Dep't*, 867 F. Supp. 2d 34, 35 (D.D.C. 2011).

### III.   ANALYSIS

The Court has fulfilled these three prerequisite steps and is well within its power to issue

a filing injunction in the present case.  First, the Court has provided Robertson, W.A.R., and

Clevenger with appropriate notice and opportunity to be heard.  Robertson and W.A.R. first

received notice of the potential for a filing injunction in 2010 when Cartinhour filed a motion for

an anti-filing injunction in the declaratory judgment case.  Emergency Mot. For Permanent

Injunction, Case No. 09-1642, ECF No. 128.  The parties filed a full set of briefs in response to

the motion, and Judge Huvelle hesitantly denied the motion on December 30, 2010.  Order, ECF

No. 147.  Robertson, W.A.R., and Clevenger were given notice and opportunity to be heard on

the present show cause order, at the earliest, on June 26, 2012, Original Show Cause Order, Case

No. 12-306, ECF No. 7, and on July 25, 2012, Second Order to Show Cause, ECF No. 11.  Both

the Original Show Cause Order and the Second Order to Show Cause were also filed on the

docket of Case No. 11-1574.  ECF Nos. 60 and 65.  As noted above, Robertson and Clevenger,

on behalf of W.A.R., have filed responses to the order for show cause.  Resp. to Order to Show

Cause, Case No. 12-306, ECF No. 12; Resp. to Order of the Court, Case No. 12-306, ECF No.

13.  Thus, each party has been given sufficient notice and an opportunity to be heard.

Additionally, the limited nature of the present injunction protects the appellants' rights to

continue legitimate filings in their pending appeals and future filings on a different set of facts.

Second, the Court has considered the full record of the parties' various filings, appeals,

and requests for review.  As noted above, the Court has reviewed Case Nos. 09-1642, 11-1919,

11-1574, 12-306 filed in the D.C. District Court, Case No 11-044 filed in the D.C. Bankruptcy

Court, and Case No. 11-2082 in the District Court for the Western District of Tennessee.[6] And third, looking both to the "number and content of the filings" in these cases and the Court's findings as to the frivolous or harassing nature of the appellants' actions within these cases, the Court finds that a filing injunction is appropriate.[7]

Judge Huvelle first noted Robertson's tendency to file a "barrage of motions" in her adjudication of the declaratory judgment case, Case No. 09-1642. Mem. Op., ECF No. 72; Mem. Op, ECF No. 110. During the first fifteen months after filing the case, Robertson filed fourteen motions, including a motion to quash a subpoena, Mot. to Quash Subpoena, ECF No. 43, and a motion to reconsider an order granting Cartinhour leave to amend his counterclaims, Mot. for Reconsideration re Order on Motion to Amend/Correct, ECF No. 56. The Court found that these two motions were meritless and that they were filed recklessly and in bad faith, so as to justify the award of attorneys' fees against Robertson under 28 U.S.C. § 1927 (2012) on May 17, 2010. Mem. Op., ECF No. 110.

In addition to numerous appellate filings with the Court of Appeals for the D.C. Circuit, Judge Huvelle had to rule on several motions for recusal, motions for stay, motions for reconsideration, and motions to quash. Due to emergency circumstances, the Court had to issue a temporary restraining order and preliminary injunction ordering Robertson to stay away from Cartinhour on January 15, 2010. Consent Order on Mot. on Temporary Restraining Order and

---

[6]     Robertson, W.A.R., and Clevenger have also been parties, plaintiffs, or appellants in Case Nos. 11-mc-283, 11-1349, 12-1794, and 12-1796 in the D.C. District Court and Case Nos. 10-7016, 10-7017, 10-7033, 11-7026, 11-7076, 12-7010, 12-7043, 12-7083, 12-7084 in the Court of Appeals for the District of Columbia Circuit. The Court, however, does not consider these cases in its analysis because they are not pertinent to the question whether plaintiffs have filed harassing or frivolous matters in this Court.

[7]     Robertson argues that the Court may not impute the misconduct of other attorneys or parties to the individual against whom the Court is imposing the anti-filing injunction. Response to Show Cause Order, Case No. 12-mc-306, ECF No. 12. This argument is unpersuasive for three reasons. First, Robertson does not provide any case law from our Circuit to support his argument. Second, Robertson does not provide any evidence that his attorneys were acting in contravention of his wishes when they engaged in sanctionable conduct or that the Court recognized any sort of separation between attorney and client for the purposes of the sanctions noted above. Finally, the anti-filing injunction at issue is narrow and only limits the subject matter on which plaintiffs may file new appeals or related matters.

Preliminary Injunction, ECF No. 38.  The Court also held an emergency injunction hearing on

March 1, 2010, to consider freezing Robertson's assets and whether to hold him in contempt for

violating a court order.  As noted above, Cartinhour sought an anti-filing injunction against

Robertson on November 17, 2010.  Emergency Mot. for Permanent Injunction, ECF No. 128.

Judge Huvelle chose not to enter an injunction at that time, but warned Robertson that "if he

should continue to pursue his current strategy of unnecessarily proliferating this litigation, this

Court" would not hesitate to entertain a renewed motion for an anti-filing injunction.  Mem. Op.

6, ECF No. 147.

Judge Huvelle also imposed sanctions on Clevenger "for filing excessive and frivolous

pleadings on behalf of his client, [Robertson], in violation of 18 U.S.C. § 1927" in Case No. 11-

1919, the case transferred from the Southern District of New York.  Mem. Op., Case No. 11-

1919, ECF No. 116.  The Court noted that it had "no difficulty concluding that sanctions were

appropriate" considering Clevenger's conduct.  *Id.* at 6.  The Court noted that Clevenger's

decision to file a case in the Southern District of New York on substantially the same facts as the

one pending in the D.C. District "served to multiply proceedings, and, as recognized by this

Court and the judge in the Southern District of New York, it was done for the improper purpose

of forestalling litigation in" the D.C. District.  *Id.*  The Court imposed sanctions against

Clevenger and awarded Cartinhour attorneys' fees and costs incurred by his attorneys in New

York and for time spent litigating the case in the Southern District of New York and in this

Court.  *Id.* at 16.

The Bankruptcy Court for the District of Columbia also found that Robertson and

Clevenger, as counsel for W.A.R., advanced frivolous arguments in the bankruptcy proceedings.

Mem. Decision re Imposition of Sanctions, Bankr. 11-044, ECF No. 275.  On May 3, 2012, the

Bankruptcy Court found that Clevenger and Robertson "repeatedly advanced the frivolous argument that funds that W.A.R. LLP had lent to Robertson in exchange for promissory notes were property of the estate of W.A.R. LLP, . . . all for the purpose of causing delay and unnecessary expense for [Cartinhour], Robertson's adversary in a civil action in the District Court." *Id.* at 1. The Bankruptcy Court also found that Robertson had utilized Ray Connolly as a purported creditor to advance arguments, designed in extreme bad faith, to "vexatiously and wantonly" delay Cartinhour in his rights and to cause him undue litigation expense. *Id.* at 1–2.

> The record clearly demonstrates that Robertson has intentionally and in bad faith: (1) misrepresented the legal significance of these proceedings in other courts as part of a broader litigation strategy against Cartinhour; (2) engaged in deceptive practices in this court that simultaneously violated Robertson's fiduciary duties to Ray Connolly and Robertson's duty of candor to this tribunal; and (3) advanced legally and factually frivolous arguments in this court. In addition to Robertson's sanctionable conduct, the court also finds that the debtor's attorney, Ty Clevenger, joined Robertson in knowingly and in bad faith advancing frivolous arguments in this bankruptcy case.

*Id.* at 3–4. Based on these findings, the Bankruptcy Court imposed sanctions on both Robertson and Clevenger and awarded attorneys' fees to Cartinhour on May 3, 2012. Order, ECF No. 276; Order, ECF No. 277; Order, ECF No. 278.

In appellants' first appeal to the D.C. District Court, Case No. 11-1574, the Court dismissed the appeal, Mem. and Order, ECF No. 22, granted a motion for sanctions by Cartinhour, Mot. for Sanctions, ECF No. 23, against Robertson and Clevenger for filing a frivolous appeal of the Bankruptcy Court's orders, Mem. and Order, ECF No. 33. This Court found that appellants' arguments, that W.A.R. retained some form of property interest over money held by the Court in constructive trust, were ill-founded and frivolous. *Id.* at 5. "The complete lack of merit to these claims convinces the Court that they could have been brought for

no purpose other than to harass and delay. The groundless nature of the appeal, unfounded whatsoever in the law, warrants sanctions." *Id.* at 5–6 (internal citations and quotations omitted). The Court also noted that the "belabored history of this litigation, the apparent bad faith of the appellants in other, related litigation, and prior impositions of sanctions all give the Court further confidence in its characterization of this appeal as frivolous." *Id.* at 6.

Following the imposition of sanctions, Robertson and Clevenger, on behalf of W.A.R., filed "a host of motions and other documents, many of which were meritless." These include a motion for an extension of time to file an opposition to a motion to set a date by which sanctions should be paid, ECF No. 35; an opposition, ECF No. 36, despite the pending motion for an extension of time; a motion for reconsideration that was later withdrawn, ECF No. 37; a motion for an extension of time to file a notice of appeal, ECF No. 40; a notice of appeal, ECF No. 41, despite the pending motion for an extension of time; and motions for sanctions against Cartinhour and Patrick Kearney, ECF Nos. 56 and 57. In the present case, in addition to the findings of frivolous and meritless filings noted above, the Court found that Robertson and Clevenger's appeal was procedurally inadequate. Second Order to Show Cause, Case No. 12-mc-306, ECF No. 11. This multitude of frivolous and harassing filings, both in number and in content, made by appellants goes far beyond "mere litigiousness." The Court thus finds that a filing injunction is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, appellants are enjoined from further filings in the instant case and related Case No. 11-1574, except for a Notice of Appeal to the Court of Appeals for the District of Columbia Circuit regarding the Court's Order in this matter. Appellants are also

enjoined from filing further appeals from the underlying bankruptcy case, Bankr. Case No. 11-044, and from filing new related matters in this Court.

Signed this 25th day of November 2014.

ROYCE C. LAMBERTH
United States District Court